EDWARD C. HAWKS vs. INHABITANTS OF HAWLEY.

Franklin. Sept. 18.—19, 1877. ENDICOTT & LORD, JJ., absent.

On the issue whether an alleged defect, outside of the travelled part of a highway, was within its limits, the distance between the defect and the other side of the highway being six and a half feet, the judge instructed the jury that there was no presumption that the highway was laid out wider than that because it was a county road, and refused to instruct them that they could not take into consideration the probability of a county road being laid out as narrow as the highway at that place. *Held*, that this instruction was erroneous.

TORT for injuries occasioned by an alleged defect in a highway, which the defendant was bound to keep in repair.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff's evidence tended to show that on the evening of October 18, 1875, he was travelling on the highway in question with a horse and carriage, and was driving with due care; that the highway was a county road running over a mountain. No record evidence of the location of the road was offered, or any evidence of its located limits other than what may be inferred from the evidence in the case.

The alleged defect was the narrowness and crookedness of the road, and a rock, around which the travelled part of the road curved so much that a straight line extending from the centre of the travelled part of the road, thirty feet above the rock, to the centre of the travelled part of the road thirty feet below the rock, would run close to the rock. The rock two and a half feet from the travelled part of the road was one and a half feet higher than the travelled part of the road, and, five feet from the travelled part, two and one half feet higher, and was a ledge sloping down the mountain's side gradually to the travelled way.

The evidence also tended to show that the plaintiff's carriage was overturned by the wheels on one side coming upon the side of the rock next to the road, while the horse was in the travelled part of the road; that on the opposite side of the road from the rock there were logs, or a log resting upon a bank or bank wall, several feet above the ground below, making a kind of railing; that the distance between the rock and the log, as one witness testified, was only six and one half feet, or, as another

witness testified, seven and one half feet; that both the log and rock bore marks of having been hit by the wheels of carriages which had passed over the road ; that both above and below the rock, and within ten or fifteen feet of the point of the rock, the road was several feet wider than at the rock ; that the width of the travelled part was six and one half feet to seven and one half feet only at that point, and widened gradually in both directions so that it was more than twice that width ten or fifteen feet from the rock; and that there was a ditch to turn the water from the travelled part of the road, which was as many as ten feet above the rock and sixteen and a half feet from the log, but there was no evidence to show who built or maintained the ditch.

At the trial the plaintiff introduced a plan of the road at the place of the accident, indicating the rock, the width of the travelled part both above and below the rock, the logs on the lower side of the road, and the ditch on the upper side of the same and beyond the rock ; and the correctness of this plan was not controverted.

The defendant contended that the narrowness and crookedness of the road were not defects in the road in and of themselves, and that there was no evidence that the road was located wider than the travelled path. The plaintiff contended that the jury might presume that the road was laid out over six and one half feet wide because it was a county road. The judge instructed the jury that the town would not be liable for an injury received by a traveller merely by reason of the narrowness or crookedness of the road, provided it was so located ; that the town was only bound to keep in repair the way as located and laid out by the county commissioners ; that the jury might determine the location of the road and whether it was constructed and worked as located ; that, in determining this question, they might consider the plan, the indications proved, the width of the road above and below the rock or ledge, the course of travel and the proved facts in the case; that, if the road was not made and worked as located, it was for the jury to say whether or not the road was defective by reason of its crookedness or narrowness, or the proximity of the rock to the travelled part of the way ; and also instructed the jury as to the circumstances under which

an object outside the travelled path and within the limits of the highway as located might be a defect. No exception was taken to these rulings.

The defendant then asked the judge to instruct the jury that there was no presumption that the road was laid out over six and one half feet wide because it was a county road. The judge gave this instruction, and refused to give the following instruction requested by the plaintiff: "That in determining the width of the located way they might consider the probability of a county road being located as narrow as was the wrought or travelled part of this road against the point of rocks."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*G. M. Stearns,* (*A. De Wolf* with him,) for the defendant, was first called upon.

*S. T. Field,* for the plaintiff, was not called upon.

BY THE COURT. The refusal of the instruction requested by the plaintiff, taken in connection with the instruction given at the request of the defendant, and not being controlled by the previous instructions of the court, tended to mislead the jury by making them understand that they could not take into consideration the probability of a county road being laid out less than six and a half feet wide, as bearing upon the question whether the alleged defect was within the limits of the highway.

*Exceptions sustained.*